The opinion of the Court was delivered by
Wardlaw, Ch.
We are content with the general reasoning of the Circuit decree, and with the conclusion attained, that, granting the defendant kept the funds in his hands without profit, he must pay interest, since no exigency of the estate *13 entrusted to his management rendered it prudent that he should so retain the funds. No debt of the estate remained unsatisfied, and there was a clear balance in the administrator’s hands, which was claimed by various persons in different rights. The obvious duty of the defendant, under such circumstances, was, to file a bill of interpleader against all the adverse claimants, and to pay the money into Court. If this course had been adopted, and the litigation had seemed likely to be of long duration, the Court, on the application of any of the parties, or sua sponte, might have ordered the investment of the money in securities bearing interest. Every man is presumed to know the law; and if trustees, who are in fact ignorant of the law, will act upon their blind judgments without consulting the expert, they must bear the consequences of their rashness. It may be remarked, that the answer makes no mention of the suit or suits in Equity, and the character of the litigation there was not otherwise brought to the attention of the Chancellor, than by a statement at the bar that the suits were for an account of the estate. If the fact be as now suggested, that these were suits by adverse claimants of the estate itself, this fact does not strengthen the defence, for such suits are necessarily dilatory, and if defendant did not wish to use the money, he should have paid it into Court.
The Chancellor, on circuit, in deference to some observations made in the case of Chesnut vs. Strong, 2 Hill, Ch. 150, 1 Hill, Ch. 122, not necessary to the decision of that case, treated the allegation in the answer, that defendant had kept the funds in his hands without making interest, as throwing the burden of disproof of the fact upon the plaintiff. Such is not our opinion.
This allegation, made by way of defence from the payment of interest, is not responsive to an ordinary bill for account, so as to stand for proved until rebutted by two witnesses or equivalent evidence. To announce as the doctrine of the Court, that defendants to bills of account might thus by unsupported oath relieve themselves from the charge of interest, would be to tempt to peijury by the bait of lucre: and I fear we should *14 have many answers from trustees alleging the retention of money without profit. Such defence is clearly matter in avoidance of the plaintiff’s case in the bill, and like every other independent defence, must be proved. The- negative nature of the statement may justify Courts in holding slighter evidence to be sufficient than is required as to most matters of defence, but certainly not in dispensing with all proof. If a trustee show to the Court that in ordinary prudence, from the exigencies of the estate, he should have kept money on hand, this is strong evidence in support of his answer that he did so retain money, and needs little, if any, corroboration. In the present case the answer was entirely unsupported. These views are consistent with every thing decided in Chesnut vs. Strong, although opposed to a train of reasoning there. In that case, the testator by his will in express terms allowed his executors to retain the legacies to his children, who were the plaintiffs, until the children attained the age of twenty-one years; although he did not give to the executors the interest accruing in the interval between his death and the maturity of the children. Parol evidence, (of doubtful competency,) established the existence of an agreement between the testator and executors, that they were not to be charged with interest, and that they accepted the executorship on that condition. There was also evidence, that the executors had in one instance lent money without interest, and in another had refused to accept full interest; and that they generally had the money on hand. Upon this strong evidence in support of their answer, the executors were excused from interest which they did not make, and were required to pay so much interest as they received.
It is ordered and decreed that the decree be affirmed and the appeal be dismissed.
Johnston, Dunkin and Dargan, CC., concurred.

Decree affirmed.